UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TYESHA L. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SUTHERLAND GLOBAL SERVICES, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:26-cv-00525<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TYESHA L. TURNER ("Plaintiff") by and through the undersigned attorney, complaining as to the conduct of SUTHERLAND GLOBAL SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.,* and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. §559.55 *et seq.*, stemming from the Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C.

1

§§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Daytona Beach, Florida, which is within the Middle District of Florida.

5. Defendant is a third-party debt collector collecting debts from consumers across the country. Defendant is incorporated under the laws of the state of New York with its principal place of business located at 175 Sully's Trail Suite 301 Pittsford, New York 14534.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempts to collect on a purported defaulted debt ("subject consumer debt") said to be owed by Plaintiff.

8. Prior to the conduct giving rise to these claims, Plaintiff obtained a credit account ("subject consumer debt") from Credit One Bank ("COB") for personal, family, and household purposes.

9. Due to unforeseen financial hardships outside of Plaintiff's control, Plaintiff fell behind on the subject consumer debt.

10. COB's default provision states that a party has defaulted on the account under its agreement if the account holder "fail[s] to make a required payment due."

**Account Closure**

**Default:** You are in default under this Agreement if (1) bankruptcy or another insolvency proceeding is filed by or against you; (2) we reasonably believe you are unable or unwilling to repay us; (3) you die or are legally incompetent or incapacitated; (4) you fail to comply with the terms of this Agreement, including failing to make a required payment when due, exceeding your credit limit or using your Card or Account for an illegal transaction; (5) you give us misleading, false, incomplete or incorrect information or fail to give us any information we deem necessary; or (6) if you no longer permanently reside in one of the 50 states or the District of Columbia. If you are in default, we may declare the entire Account balance immediately due and payable without advance notice.

11. At this point, because Plaintiff defaulted on the subject consumer debt, COB placed the debt with Defendant for collection purposes.

12. Thereafter, Plaintiff began receiving phone calls from Defendant to her cellular phone, (386) XXX-9931, seeking to collect upon the subject consumer debt.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9931. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Upon information and belief, Defendant systematically varies the telephone numbers it places collection calls from, in efforts to mislead Plaintiff into believing

various individuals are calling, when in fact the calls are all coming from Defendant, in hopes that Plaintiff will answer.

15. Defendant has placed repeated calls to Plaintiff, nearly daily, in an excessive and harassing manner, in an effort to collect the subject consumer debt.

16. In or around July 2025, Plaintiff answered one of Defendant's calls, to which Defendant identified itself as COB and advised that they were calling attempting to collect upon the subject debt.

17. Upon information and belief, Plaintiff spoke to Defendant, rather than COB, when she answered the July 2025 phone call.

18. At no point during the call did Defendant advise Plaintiff that it was a debt collector, nor advise Plaintiff that it was an entity separate from COB.

19. Plaintiff explained her financial situation, her frustration with receiving as many as seven calls in a singular day and that she would make good faith payments towards the subject consumer debt.

20. Defendant has engaged in a collection campaign of the utmost unfair and harassing degree to Plaintiff's cellular phone.

21. Defendant has called Plaintiff's cellular phone essentially every day, between 5-10 times a day.

22. In total, Defendant placed dozens of harassing collection calls to Plaintiff, on behalf of COB.

23. Based on information and belief, all such calls originated from Defendant's principal place of business.

24. Frustrated by Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, anxiety, emotional distress, increased blood pressure, and numerous violations of her federal and state protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D

27. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as it acquired the right to collect on the subject debt after Plaintiff defaulted on her COB account and it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

31. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. 15 U.S.C. § 1692d(6) further prohibits debt collectors from placing telephone calls "without meaningful disclosure of the caller's identity."

35. The amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, with such guidance demonstrating that attempting to contact a consumer more than 7 times in 7 consecutive days, or attempting to contact a consumer within 7 days of speaking with a consumer, constitutes repeated and

continuous phone calls in violation of the FDCPA. Furthermore, even if Defendant complied with the relevant call frequency regulations, *which it did not*, the commentary thereto confirms that any presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease.

36. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

37. Defendant violated §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaigns directed towards Plaintiff. Despite such conduct being prohibited by the aforementioned statutes and regulations, Defendant continued placing incessant phone calls seeking collection of the subject consumer debt. Regulation F prohibits the placement of more than 7 calls in 7 consecutive days, a regulation Defendant flagrantly violated by placing 5-10 calls in a singular day. This conduct underscores Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have received an

unreasonable number of collection calls may state claims for repeated phone calls. Defendant's intent to harass is clear both through its completely unreasonable volume of calls, as well as its usage of varied phone numbers in order to collect the debt and evade self-help remedies such as blocking the calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy and emotional distress stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

38. Moreover, Defendant violated § 1692d(6) because it failed to meaningfully disclose its identity when it spoke to Plaintiff. Instead, Defendant falsely identified itself as "Credit One Bank" and failed to advise that it was a debt collector collecting on COB's behalf.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692E

39. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

41. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as it acquired the right to collect on the subject debt after Plaintiff defaulted on her COB account and it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

42. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

43. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10);
>
> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . ." 15 U.S.C. § 1692e(11); and
>
> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

46. Defendant violated §§ 1692e, 1692e(10), and 1692e(11) through their failure to provide the requisite disclosures as a debt collector and its efforts to hide its true identity under the false guise of COB. Despite the applicability of the FDCPA to Defendant's collection practices, it woefully failed to comply with the disclosure and informational requirements of the FDCPA.

47. Further, Defendant specifically violated §§ 1692e, 1692e(10), 1692e(11) and 1692e(14) by falsely identifying itself as COB when it spoke to Plaintiff. Such conduct is misleading as it creates a false impression that Plaintiff was speaking to COB directly to address the subject debt, when in reality, it was speaking to a debt collector.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

   f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692F

48. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as it acquired the right to collect on the subject debt after Plaintiff defaulted on her COB account and it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

51. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

52. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

53. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. Defendant violated § 1692f through the unfair nature of their collection campaign directed towards Plaintiff. Defendant unfairly bombarded Plaintiff with incessant and repeated collection calls, all the while pretending to be someone they were not. Defendant's overall efforts to attempt to evade the relevant laws applicable to its business illustrate the overall unfair nature of its collection conduct.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT IV – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692G

55. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

57. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as it acquired the right to collect on the subject debt after Plaintiff defaulted on her COB account and it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

58. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

59. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

60. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides the extent of written information and disclosures that debt collectors are required to provide to consumers within five days of first communicating with such consumers.

61. Defendant violated § 1692g(a) through their complete failure to provide Plaintiff with the requisite disclosures and information despite the requirement that they do so.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT V – VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.72(7)

62. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

63. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

64. Defendant is subject to and must abide by the laws of the state of Florida, including Fla. Stat. § 559.72.

65. Defendant is a "person" as said term is defined under Florida Statute §1.01(3) and are subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.51(1).

66. The subject debt is a "consumer debt" as said term is defined under Fla. Stat. § 559.55(6).

67. A person violates § 559.72(7) of the FCCPA when it willfully engages in any conduct which can reasonably be expected to abuse or harass the debtor. *See* Fla. Stat. § 559.72(7).

68. Defendant violated the FCCPA through the unfair nature of the phone calls placed to Plaintiff seeking to collect upon the subject debt. Defendant unfairly continued placing an unreasonable volume of phone calls to Plaintiff, upwards to 10 times in one day. Defendant sought to take advantage of Plaintiff's position and inability to stop the calls, as well as any consumer's dependence on their cellular phones, by continuing its knowingly harassing phone call campaign to unfairly get Plaintiff to make payments she could not afford.

69. Defendant further violated the above provisions of the FCCPA through the deceptive and misleading way in which it routinely, systematically, and intentionally varied the area codes and phone numbers from which calls were placed so as to

obfuscate Plaintiff's ability to determine who was calling and to otherwise be misled into answering a call from an unknown and not-previously-used phone number. Defendant's conduct is further designed to deceptively limit, and otherwise respond to, the call-monitoring and identification software installed as a matter of course in modern cellular phones.

70. Defendant also violated the FCCPA by failing to have adequate procedures in place designed to prevent a violation by its employees. Plaintiff informed Defendant multiple times that their calls were inconvenient, unwelcome, and harassing and indicated that the calls were coming at an unreasonable and bothersome volume. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that the calls were pervasively unwelcome and inconvenient and no longer with legal consent. As such, Defendant has not only failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts, but seemingly encouraged such violations of law through its harassing and oppressive methods of debt collection.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 per violation pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff; and,

g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT VI – VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.72(15)

71. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

72. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

73. Defendant is subject to and must abide by the laws of the state of Florida, including Fla. Stat. § 559.72.

74. Defendant is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.51(1).

75. The subject debt is a "consumer debt" as said term is defined under Fla. Stat. § 559.55(6).

76. A person violates § 559.72(15) of the FCCPA when they refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

77. Just as Defendant violated § 1692d(6) of the FDCPA, Defendant further violated § 559.72(15) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name in connection with its collection on the subject consumer debt.

**WHEREFORE**, Plaintiff, TYESHA L. TURNER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 per violation pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f.  Enjoining Defendant from further contacting Plaintiff; and,

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 7, 2026                        Respectfully submitted,

s/ Maxwell Brooks<br>
Maxwell Brooks, Esq.<br>
*Counsel for Plaintiff*<br>
Sulaiman Law Group, Ltd.<br>
2500 South Highland Ave., Suite 200<br>
Lombard, Illinois 60148<br>
Phone: (630) 575-8181<br>
Fax: (630) 575-8188<br>
mbrooks@sulaimanlaw.com